IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal No. SAG-16-0160/ |
| | | Civil Case No. SAG-19-3129 |
| | * | |
| COREY ROGERS | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

Currently pending is a 28 U.S.C. § 2255 habeas petition filed by defendant Corey Rogers. Rogers contends that his 2016 conviction under 18 U.S.C. § 922(g)(1) is defective in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the Court did not advise him at the time of his guilty plea that an element of the offense required his knowledge that he was a person prohibited from possessing firearms.  This Court has reviewed Rogers's motion and supplemental motion, the Government's opposition, and the Government's supplemental response.  ECF 24, 32, 35, 42. No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons that follow, Rogers's Motion will be denied.

## I. FACTUAL BACKGROUND

A grand jury returned an indictment against Rogers on April 19, 2016, charging him with two counts of firearms offenses, including being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  ECF 1.  Before the February 15, 2016 recovery of the firearms with which he was charged, Rogers had sustained prior criminal felony convictions.  ECF 16 at 5 (Plea Agreement).  He had received a suspended sentence of 18 months incarceration and then a sentence

of one year in prison when he violated probation.  ECF 42 at 2.  He also received a sentence of one year incarceration in 2014, and was advised at the time of his initial appearance for that offense that the maximum term of incarceration could be 20 years in prison.  *Id.* at 1-2.

In response to his 2016 federal felony charge, Rogers entered into a plea agreement including an agreed statement of facts, which read in relevant part:

> [P]rior to the date of this offense the Defendant had been convicted in the State of Maryland of a felony drug trafficking offense carrying a penalty of imprisonment for more than one year for which the Defendant's civil rights had not been restored.

ECF 16 at 5.  Rogers received a sentence of 70 months in prison.  ECF 21.

Several years later, in the *Rehaif* case, the Supreme Court ruled that in § 922(g) cases, the government has to prove that a defendant "knew he belonged to the relevant category of persons barred from possessing a firearm," or, in other words, that he knew he had been convicted of a crime punishable by imprisonment of more than one year.  *Rehaif*, 139 S. Ct. at 2200.  On October 28, 2019, Rogers filed the instant motion to vacate judgment in his case pursuant to the *Rehaif* decision.  This Court held all *Rehaif*-related habeas petitions, including Rogers's, in abeyance until the Supreme Court decided *Greer v. United States*, 141 S. Ct. 2090 (2021).  With that Court's guidance, the petition is now ripe for disposition.

## II. APPLICABLE LEGAL STANDARDS

In *Greer*, the Supreme Court considered cases involving two defendants who had been convicted and sentenced prior to *Rehaif*.  The Court explained that to prevail on plain-error review, each defendant had to make "a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."  *Greer*, 141 S. Ct. at 2100. If such an argument or representation is made, "the court must determine whether the defendant has carried the burden of showing a 'reasonable probability' that the outcome of the district court

proceeding would have been different." *Id.* The Court cogently summarized the difficulty most defendants will have in meeting that high bar:

> The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty.

*Id.* at 2097 (internal quotation and citation omitted) (emphasis in original).

## III. ANALYSIS

Rogers did not raise his *Rehaif* argument on direct appeal, instead pursuing this collateral attack pursuant to 28 U.S.C. § 2255. However, the failure to raise the claim on direct appeal constitutes a procedural default barring presentation of his claim in a § 2255 petition, unless the petitioner can demonstrate either cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). Here, Rogers has done neither. He cannot show actual innocence because he stipulated to having a prior felony conviction in his guilty plea and because he had been sentenced to more than one year in prison, or had been advised that the maximum penalty exceeded one year, on more than one occasion. It defies logic to suggest, then, that he was unaware that he had been convicted of a crime punishable by more than one year of imprisonment.

And he cannot demonstrate "cause and prejudice" either. "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). To the extent Rogers would argue novelty because *Rehaif* was not decided until 2019, his claim fails because "other defense counsel have perceived and litigated that claim," albeit unsuccessfully, years prior. *Engle v. Isaac*, 456 U.S. 107, 134 (1982) (noting that in such

circumstances where the claim has been raised previously by other attorneys, "the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default."); *United States v. Williams*, 588 F.2d 92, 92-93 (4th Cir. 1978) (rejecting *Rehaif*-type arguments more than 40 years ago). Even if Rogers were able to show cause, he cannot show prejudice, which is defined as an error that "worked to his actual and substantial disadvantage" and was "of constitutional dimension[ ]." *United States v. Frady*, 456 U.S. 152, 170 (1952) (emphasis omitted). In light of the ample evidence that Rogers knew of his prior felony convictions, he is unable to establish that the Court's failure to advise him that he needed to know he was a felon worked to his disadvantage at all. Therefore, to the extent Rogers ever had a viable *Rehaif* claim, it was procedurally defaulted.

Apart from this Court's findings on procedural default, however, Rogers's *Rehaif* claim would also fail on the merits in light of the Supreme Court's decision in *Greer*. For all the reasons explained above, the record conclusively demonstrates that Rogers knew of his prior felony conviction. He therefore cannot show any "'reasonable probability' that the outcome of the district court proceeding would have been different." *Greer*, 141 S. Ct. at 2100. Rogers's *Rehaif* Motion, ECF 24, will therefore be denied by separate order.

## IV. CERTIFICATE OF APPEALABILITY

This Court must "issue or deny a certificate of appealability when it issues a final order adverse to the applicant." *See* Rule 11(a) of the Rules Governing § 2255 Cases. A certificate of appealability is a jurisdictional prerequisite to an appeal from this Court's order, and should issue only where there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered the record and finds that Rogers has not made the requisite showing by demonstrating that reasonable jurists would find this Court's assessment of the claim

debatable or incorrect. *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001). Accordingly, a certificate of appealability is denied.


DATED:  July 13, 2022                                        _____/s/_____
                                                             Stephanie A. Gallagher
                                                             United States District Judge